# Cases

# FIFTH DEPARTMENT

AT

# GENERAL TERM.

### March, 1892.

---

ERASTUS F. ROOT, as Sole Overseer of the Poor of the Town of Bolivar, Respondent, on the Relation of ARTHUR C. FISHER and Another, Appellants, *v.* ALBERT J. ALEXANDER, Respondent.

*Excise law — penalties sued for, after default by the overseer of the poor, by other persons.*

The statutes, relative to penalties under the excise law, provide that if the overseers of the poor of a town "shall, for the period of ten days after complaint to them that any person has incurred such penalty, accompanied with reasonable proof of the same, neglect or refuse to prosecute for such penalty, any other person may prosecute therefor in the name of the overseers of the poor of the town."

Due complaint to the effect above stated was made to the sole overseer of a town on February 20, 1891, who, brought no action, and went out of office March 5, 1891.

On March twentieth certain persons brought an action for the recovery of the penalty in the name of the new overseer.

*Held*, that the action could be maintained.

That the overseer of the poor was a *quasi* municipal corporation, having perpetual succession.

That as proper complaint had been made to the old overseer, and as he had, for a period of ten days thereafter, taken no action, the right of other persons to prosecute became complete, and that an action in the name of the overseer in office when the action was brought was proper.

APPEAL by Arthur C. Fisher and John Nicholson, relators, from an order of the Supreme Court, entered in the office of the clerk of Allegany county on the 20th day of July, 1891, dismissing the complaint in the above-entitled action, with costs, and discontinuing the action.

*W. Martin Jones,* for the relators, appellants.

*C. H. Brown,* for the overseer, respondent.

*Rufus Scott,* for the defendant, respondent.

DWIGHT, P. J.:

The statute relating to penalties under the excise law provides that they shall be sued for and recovered by the overseers of the poor of towns. (Laws of 1857, chap. 628, § 22, as amended by Laws of 1873, chap. 820, § 1; Birdseye, 1053, § 26.) It is further provided by section 30 of the former enactment, as amended by section 2 of the latter (Birdseye, 1054, § 34), that in case the overseers "shall for the period of ten days after complaint to them that any person has incurred such penalty, accompanied with reasonable proof of the same, neglect or refuse to prosecute for such penalty, any other person may prosecute therefor in the name of the overseers of the poor of the town."

February 20, 1891, Mark A. Furnald was sole overseer of the poor of the town of Bolivar, and on that day the relators served upon him, as such, the requisite complaint and proof, in writing, that the defendant had incurred penalties for violations of the excise law. The overseer neglected, for the period of ten days thereafter, to bring an action for the recovery of such penalties, and on the fifth day of March his term of office expired, and he was succeeded by Erastus F. Root. On the twentieth day of March the relators commenced this action for the recovery of the same penalties in the name of the new overseer of the poor. The single question, on the merits, presented by this appeal is whether, under the statute, the action can be maintained without a renewed service of the complaint and proof upon the overseer in office at the time the action was commenced. The court at Special Term held otherwise, and on that ground, on motion of the overseer, made the order from which the appeal is taken. We think the order was erroneous.

. The overseer of the poor is a *quasi* municipal corporation having perpetual succession. The incumbency of the office changes, but the office remains the same. All rights acquired by others under one incumbency of the office continue under those which succeed. By making the complaint to the overseer in February, no action having been commenced by him within ten days thereafter, the relator acquired the right to bring the action in the name of the overseer in March. It was the overseer of the poor to whom the complaint was required to be made, and it was the overseer of the poor in whose name the action was required to be commenced; not necessarily the same overseer in both cases, but in each case the overseer in office at the time. The statute, with this construction, imposes no personal liability upon one incumbent of the office for the neglect or default of his predecessor. The new overseer is only the nominal plaintiff, and in no event can be made liable for the costs of the action. He is even relieved from the responsibility for the conduct of the action which he would have assumed had he brought it in his own name as overseer, on a complaint made to him, and he bears no other relation thereto than he would have done had he declined to bring the action on a complaint so made.

The question seems not to have been adjudicated in any reported case, but, upon the principles suggested above, we think the motion should have been denied. The order appealed from should be reversed and the motion denied, with ten dollars costs to the appellants of opposing the motion, and ten dollars costs and the disbursements of the appeal.

Macomber and Lewis, JJ., concurred.

So ordered in this and five other appeals submitted herewith.